```
McGREGOR W. SCOTT
United States Attorney
PHILIP A. FERRARI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2744
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT HUDSON,<br><br>        Defendant. | Case. No. CR-S-06-513 WBS<br><br>ORDER COMMITTING DEFENDANT TO CUSTODY OF THE ATTORNEY GENERAL |

On March 5, 2007, the Court found by a preponderance of the evidence that defendant Scott Hudson was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, he was ordered committed to the custody of the Attorney General for examination and treatment under 18 U.S.C. §4241(d)(1). On September 7, 2007, this Court received a Certificate of Restoration and psychiatric evaluation from the Federal Medical Center in Butner, North Carolina. The psychiatric evaluation opined that the defendant had been restored to competency

through the administration of psychotropic medications, but stated "his competency is based on strict medication compliance."  At a status conference on November 5, 2007, the Court was informed that since returning to Sacramento, the defendant had stopped taking his medication, and a local evaluation was scheduled.  The defendant was examined by Dr. Joan Gerbasi, and on November 13, 2007, the Court was informed of Dr. Gerbasi's conclusion that Mr. Hudson's condition has deteriorated to the point where he once again cannot understand the nature and consequences of the proceedings against him or assist properly in his defense.

   Based upon the conclusion of Dr. Gerbasi, the report from the Federal Medical Center stressing Mr. Hudson's need for medication, and the representation made to the Court that the defendant has stopped taking his medication, the Court finds by a preponderance of the evidence that he is once again incompetent.  The Court will order that defendant be committed to the custody of the Attorney General pursuant to Section 4241(d)(1).  In addition, because defendant may once again choose to stop taking his medication once he leaves the Federal Medical Center, the Court will order that the Federal Medical Center perform an evaluation as to whether forced administration of medication is appropriate under <u>Sell v. United States</u>, 539 U.S. at 166 (2003), and <u>United States v. Hernandez-Vasquez</u>, 2007 WL 3171422 (9th Cir. Oct. 31, 2007).

   IT IS THEREFORE ORDERED pursuant to 18 U.S.C. §4241(d)(1) that defendant Scott Hudson be delivered to the custody of the Attorney General for a period not to exceed four months to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

   IT IS FURTHER ORDERED that the Bureau of Prisons perform an

evaluation as to whether the forced administration of medication is appropriate under  Sell v. United States, 539 U.S. at 166 (2003) and United States v. Hernandez-Vasquez, 2007 WL 3171422 (9th Cir. Oct. 31, 2007).  The examining physicians and/or psychologists are authorized to access all of defendant's pertinent medical records and collateral information, including psychiatric and medical records.

    IT IS SO ORDERED.

Date: November 19, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE