IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>SCOTT HUDSON,<br><br>              Defendant. | Case. No. CR-S-06-513 WBS<br><br>ORDER REQUESTING EVALUATION<br>PURSUANT TO 18 U.S.C. §4246(a) |

On March 5, 2007, the Court found by a preponderance of the evidence that Mr. Hudson was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, he was ordered committed to the custody of the Attorney General for examination and treatment under 18 U.S.C. §4241(d)(1). On September 7, 2007, this Court received a Certificate of Restoration and psychiatric evaluation from the Federal Medical Center in Butner, North Carolina. The psychiatric evaluation opined that the defendant had been restored to competency through the administration of psychotropic medications, but stated "his competency is based on strict medication compliance." At a status conference on November 5, 2007, the Court was informed that

since returning to Sacramento, the defendant had stopped taking his medication, and a local evaluation was scheduled. On November 14, 2007, based upon the results of the local evaluation, the report from the Federal Medical Center stressing Mr. Hudson's need for medication, and the representation made to the Court that the defendant has stopped taking his medication, the Court found that the defendant was once again incompetent and committed him to the custody of the Attorney General pursuant to Section 4241(d)(1).

On May 12, 2008, the Federal Medical Center in Butner, North Carolina, issued a report finding the defendant incompetent and recommending that he be forcibly medicated pursuant to Sell v. United States, 539 U.S. at 166 (2003). The defendant was transported back to the Eastern District of California when the report was issued. The government has since informed the Court that there are insufficient governmental interests to justify forced medication under Sell. Accordingly, the Court will not order that the defendant be forcibly medicated.

Because the defendant is currently incompetent, and because there is no substantial probability that he will become competent to stand trial in the foreseeable future, he is subject to the provisions of 18 U.S.C. §4246. The provisions of §4246 are dependent upon the issuance of a certificate from the Federal Medical Center that the defendant "is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. §4246. Although no such certificate has issued in this case, it does not appear that the Federal Medical Center has performed an analysis as to whether a certificate is warranted in this matter. The Court notes that the

defendant has already traveled to and from Butner, North Carolina, twice during the pendency of this case.

Accordingly, **it is hereby ordered** pursuant to 18 U.S.C. §4246(a) that the Federal Medical Center in Butner, North Carolina, perform an analysis as to whether Mr. Hudson's condition presents "a substantial risk of bodily injury to another person or serious damage to property of another." At this point, the Court will not commit the defendant to the custody of the Attorney General for the purposes of this evaluation. Rather, the Court requests that the Federal Medical Center make a determination as to whether this analysis can be performed based upon the information already in its possession. The Federal Medical Center in Butner, North Carolina, shall advise the Court within ten (10) days from the date of this Order whether this analysis can be performed without the physical presence of the defendant. The examining physicians and/or psychologists are authorized to access all of Mr. Hudson's pertinent medical records and collateral information, including psychiatric and medical records.

IT IS SO ORDERED.

Date: June 18, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE